**In re Diane FISCHER–
STOKER, Relator.**

No. 01–04–00471–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 5, 2005.

[14th Dist.] 1999, pet. denied); *see Bossley,*        968 S.W.2d at 343.

Shawn Casey, Shawn Casey & Associates, Houston, TX, for Appellant.

John K. Grubb, John K. Grubb & Asso., Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and BLAND.

## OPINION ON REHEARING

EVELYN V. KEYES, Justice.

Relator, Diane Fischer–Stoker, filed a petition for a writ of mandamus in this Court, complaining of the trial court's[1] refusal to dismiss a contempt proceeding brought against relator by real party in interest, Ronnie H. Stoker. On August 19, 2004, we issued an opinion conditionally granting the writ. Stoker filed a motion for reconsideration. We denied the motion for reconsideration, but, on December 9, 2004, we withdrew our opinion of August 19, 2004 and substituted a new opinion, again conditionally granting relief. Stoker has now moved for rehearing of our December 9, 2004 opinion. We grant the motion, withdraw our December 9, 2004 opinion, and issue this opinion conditionally granting mandamus relief.

### Background

Fischer–Stoker and Stoker were divorced by decree entered December 23, 2003. After a bench trial, the trial court ordered both parties to deliver an accounting of their bank accounts as of December 12, 2003, along with a check made payable to the other party for 50% of the sums in those accounts as of that date. Fischer–Stoker failed to abide by the terms of the decree.

On March 22, 2004, Fischer–Stoker timely filed a notice of appeal.[2] On March 26, 2004, Stoker filed a motion for contempt against Fischer–Stoker in the trial court, seeking to have her jailed until she provided him an accounting of certain Wells Fargo bank accounts and a check for 50% of the funds on deposit in those accounts as of December 12, 2003, as required by the terms of the divorce decree. In the alternative, Stoker sought modification of the provisions of the divorce decree to allow him to withhold certain sums awarded him as an offset for Fischer–Stoker's failure to transfer the Wells Fargo accounts to him. The trial court set April 12, 2004 as the date for a show-cause hearing. Fischer–Stoker filed a motion to dismiss the contempt proceeding, contending that the trial court lacked jurisdiction

---

**1.** The Honorable Lisa Millard, judge of the 310th District Court of Harris County, Texas. The underlying lawsuit is *In the Matter of the Marriage of Diane Fischer Stoker & Ronnie H. Stoker,* cause no. 2003–19746 (310th District Ct., Harris County, Texas).

**2.** Under Texas Rule of Appellate Procedure 26.1, because a request for findings of fact and conclusions of law had been filed, the notice of appeal was due 90 days after the judgment was signed. *See* Tex.R.App. P. 26.1.

to enforce the property provisions of the divorce decree while an appeal was pending. On April 19, the trial court denied Fischer–Stoker's motion to dismiss the contempt proceeding.

On April 28, 2004, Fischer–Stoker filed a petition for writ of mandamus and request for emergency stay in this Court. In her petition, Fischer–Stoker complained that the trial court should have granted her motion to dismiss the contempt proceeding for lack of jurisdiction. On August 19, 2004, we issued our opinion conditionally granting the writ of mandamus sought by Fischer–Stoker. Stoker moved for rehearing. We denied the motion but, on December 9, 2004, we withdrew our August 19, 2004 opinion and issued a second opinion conditionally granting the writ. Stoker again moved for rehearing in light of *In re Sheshtawy*, 154 S.W.3d 114 (Tex.2004), issued December 31, 2004. We grant the motion, withdraw our December 9, 2004 opinion, and issue this opinion in its stead. We conditionally grant the writ.

## Standard of Review

■ A court of appeals may issue a writ of mandamus "agreeable to the principles of law regulating those writs" against a judge of a district or county court in the court of appeals' district. Tex. Gov't Code Ann. § 22.221(b)(1) (Vernon 2004). We may grant mandamus relief to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no adequate remedy by appeal. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex.1994); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992).

## Jurisdiction

Relying principally on *Ex Parte Boniface*, Fischer–Stoker argues that only this Court may entertain a motion to enforce a divorce decree by contempt after the juris-

diction of the appellate court has attached. 650 S.W.2d 776 (Tex.1983). The Texas Supreme Court held in *Boniface:*

Generally, contempt proceedings for violations of judgments and orders granting injunctive relief are instituted in the court from which the judgment or order emanated. But, after the jurisdiction of the appellate court has attached, the proceedings for enforcement must be instituted *in that court* rather than in the trial court.

*Id.* at 777–78 (emphasis in original). Stoker had previously argued in rebuttal that *Boniface* and its progeny had been abrogated by statute. He now contends in his second rehearing motion that the Texas Supreme Court's recent opinion in *In re Sheshtawy*, 154 S.W.3d 114 (Tex.2004), confirmed the abrogation of *Boniface* and that he is, therefore, entitled to proceed with enforcement of the property division in the divorce decree by contempt proceedings in the trial court.

In *In re Sheshtawy*, the wife instituted proceedings for the enforcement of the spousal maintenance provisions of the divorce decree and filed a motion for contempt in connection with those proceedings. *Id.* at 115. The husband challenged several provisions of the divorce decree on appeal, including the spousal maintenance award. *Id.* While the appeal was pending, the trial court set a hearing on the wife's motion for contempt and ordered that the husband be confined for both criminal and civil contempt. *Id.* at 116–17. The husband sought habeas corpus relief, which the court of appeals denied; the supreme court reversed the court of appeals and granted the relief. The supreme court held,

In examining our decisions, particularly [*Ex parte*] *Boniface* [, 650 S.W.2d 776 (Tex.1983)] and *Schultz* [*v. Fifth Judicial District Court of Appeals at Dallas,*

810 S.W.2d 738, 740 (Tex.1991)], we are unable to discern a compelling reason for withdrawing a trial court's authority to enforce a final judgment pending appeal **when that judgment has not been superseded or stayed and no statute or rule of procedure removes the trial court's authority.** "A court's contempt power does not depend on statutory authority.... [It] is an inherent power that is an essential element of judicial independence and authority." A trial court is free to aid execution while an unsuperseded judgment is on appeal.

. . . .

An appellate court still retains the overarching power to stay any actions of a trial court, including contempt proceedings, that may interfere with its jurisdiction or the subject matter of the appeal. Accordingly, we hold that when a final judgment has not been superseded or stayed pending an appeal, either the trial court or the court of appeals may entertain a motion for contempt....

In this case, there is *no statute or rule of procedure* that *forecloses a trial court from enforcing a spousal maintenance decree.*

*Id.* at 124–25 (citations omitted) (emphasis added).

■ *Sheshtawy* clearly abrogates *Boniface's* holding that contempt proceedings initiated to enforce a judgment during appeal of that judgment must be heard in every instance in the court of appeals, rather than in the trial court. Under *Sheshtawy,* enforcement of a final judgment by contempt may now be sought either in the trial court or in the court of appeals during the pendency of an appeal "when that judgment has not been superseded or stayed and no statute or rule of procedure removes the trial court's authority." *Sheshtawy,* 154 S.W.3d at 124.

■ In 1985, after *Boniface* but before *Sheshtawy,* the Texas Legislature amended the Family Code to provide that the trial court retains jurisdiction to enforce temporary orders "for the preservation of the property and for the protection of the parties" rendered within 30 days after the date an appeal is perfected *unless* the appellate court, on a proper showing, supersedes the trial court's order. TEX. FAM. CODE ANN. § 6.709 (Vernon 1998). These orders include those for (1) spousal support, (2) payment of attorney's fees, (3) appointment of a receiver for the preservation and protection of the property of the parties, and (4) an award to one spouse of exclusive occupancy of the parties' residence pending the appeal. *Id. Sheshtawy* makes it clear that the trial court's ongoing jurisdiction during the pendency of the appeal includes the jurisdiction to enforce an unsuperseded spousal maintenance provision in the final divorce decree by contempt, as well as the jurisdiction to enforce a temporary order of spousal support.

■ However, the Legislature also amended the Family Code in the intervening years between *Boniface* and *Sheshtawy* with respect to the power of the trial court to issue orders changing or amending the *property division* in a final judgment of divorce during the pendency of an appeal. TEX. FAM.CODE ANN. § 9.007(a), (b) (Vernon 1998). An order to enforce the property division in the divorce decree is limited to an order "to assist in the implementation of or to clarify" the division of property made or approved in the decree, and that power is expressly *abated* during the pendency of an appellate proceeding. *Id.* § 9.007(c). Section 9.007 provides in relevant part:

(a) A court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment. An order to en-

force the division is limited to an order to assist in the implementation of or to clarify the prior order and may not alter or change the substantive division of property.

. . .

(c) The power of the court to render further orders to assist in the implementation of or to clarify the property division is abated while an appellate proceeding is pending.

TEX. FAM.CODE ANN. §§ 9.007(a),(c). In *English v. English,* our sister court interpreted section 9.007(c) to mean that, after rendering the initial decree of divorce containing a property division, the trial court is prohibited from implementing or clarifying the property division by way of further orders. 44 S.W.3d 102, 106 (Tex.App.-Houston [14th Dist.] 2001, no pet.). *English* further provides that "neither the parties nor the ministerial act of execution of the judgment are proscribed." *Id.* at 106. We agree with *English.*

▆ The instant case, however, does not concern execution of the judgment, which is "merely a direction to a ministerial officer to permit enforcement of the judgment." *Id.* Rather, Stoker has proceeded against Fischer–Stoker in the trial court with a motion to enforce the terms of the property division in the final divorce decree by criminal contempt if she fails to provide an accounting of her Wells Fargo accounts as of December 12, 2003 and a check for 50% of the money in those accounts on that date. We construe the relief that Stoker seeks as an order to assist in the implementation of the property division in the final divorce decree.

Under the plain language of section 9.007(c) of the Family Code, "[t]he power of the [trial] court to render further orders to assist in the implementation of or to clarify the property division is abated while an appellate proceeding is pending."

TEX. FAM.CODE ANN. § 9.007(c). The order that Stoker seeks is precisely the type of order that a trial court is prohibited from issuing during the pendency of an appeal. *See id.; see also English,* 44 S.W.3d at 106. Thus, unlike the enforcement of the spousal maintenance order sought in *Sheshtawy,* here "a statute removes the trial court's authority" to assist in implementing or clarifying the property division in the divorce decree by contempt during the pendency of the appeal.

We hold that, under section 9.007(c) of the Family Code, the power of the trial court to issue an order of contempt to assist in clarifying or enforcing the terms of the property division in the divorce decree is abated during the pendency of the instant appeal. Accordingly, we conditionally grant the petition for writ of mandamus and order the trial court to dismiss Stoker's motion for contempt.

We order that all further proceedings in the trial court to clarify or to assist in the implementation of the terms of the property division in the divorce decree are abated pending appeal. We will issue a writ only if the trial court fails to comply. We withdraw our May 7, 2004 order staying all contempt proceedings in the trial court.