**Linda Sue Rusche COOK, Appellant,**

v.

**Travis B. STALLCUP and Charlene Hill, Appellees.**

No. 05–04–00672–CV.

Court of Appeals of Texas, Dallas.

Aug. 26, 2005.

Charles H. Steen, Dallas, for appellant.

Charlene Hill, Richardson, pro se.

Thomas C. Barron, Law Office of Thomas C. Barron, P.C., Dallas, for appellee.

Before Justices MOSELEY, FRANCIS, and MAZZANT.

## OPINION

Opinion by Justice MOSELEY.

Linda Sue Rushe Cook appeals the trial court's order denying her post-judgment motion to release funds held in the court's registry. In a single issue, she contends she is entitled to those funds. Neither appellee filed a brief. For the reasons below, we resolve Cook's single issue in her favor, reverse the trial court's order, and remand this matter to the trial court with instructions to release the funds to Cook.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Cook filed a forcible entry and detainer action against Stallcup in a justice of the peace court in Denton County to evict Stallcup from her home in Carrollton.[1] Stallcup subsequently sued Cook for divorce in the 211th Judicial District Court in Denton County. He alleged he and Cook married in 1973 and ceased to live together as husband and wife in January 2003, and requested a division of community property, including the Carrollton home. Cook filed an answer and counterclaim, asserting she had never been married to Stallcup. That court ordered the Carrollton property sold and the proceeds of the sale, $21,020.79, deposited into the court's registry. The parties eventually nonsuited their claims in that case.

Cook then filed this suit (the "Dallas County suit") against Stallcup and Hill in the 302nd Judicial District Court in Dallas County. She sought a declaratory judg-

---

1. Nothing in the record shows the status of    the forcible entry and detainer action.

ment that she and Stallcup had never been married, and that Stallcup had been married to Hill until 1999. Cook also asserted tort claims. Stallcup filed a counter-petition for divorce and a division of community property.

Stallcup also filed another lawsuit in the 393rd Judicial District Court of Denton County, seeking a divorce from Cook and a property division. That suit was transferred to Dallas County.

Subsequently, the 211th Judicial District Court transferred the $21,020.79 from its registry to the registry of the court for the Dallas County suit "for that Court to adjudicate the parties' respective claims to it." In its order, the 211th District Court stated there was no longer a live dispute in Denton County and the parties' disputes were properly before the court in the Dallas County suit. Thus the money came to be deposited into the registry of the court below.

In the Dallas County suit, Cook obtained a summary judgment on her declaratory judgment claim that she and Stallcup were never married. Cook also obtained a default judgment against Hill. On November 17, 2003, Cook nonsuited her remaining tort claims, thus making the court's judgment final for purposes of appeal. *See In re Bennett,* 960 S.W.2d 35, 38 (Tex.1997) ("[T]he signing of an order dismissing a case, ..., is the starting point for determining when a trial court's plenary power expires.").

Stallcup timely filed motions for new trial. However, the motions were overruled by operation of law on January 31, 2004, because the trial court did not rule on those motions until February 26, 2004. *See* TEX.R. CIV. P. 329b(c) ("In the event an original ... motion for new trial ... is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period."). Accordingly, the trial court's plenary power expired on March 1, 2004. *See* TEX.R. CIV. P. 329b(e) ("If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first."); *Thomas v. Oldham,* 895 S.W.2d 352, 356 (Tex.1995).

Cook filed a "post-judgment motion to release monies in registry," requesting the court to disburse the funds to her attorney, in trust for her. Stallcup filed a response, in which he objected to the withdrawal of the funds because, he argued, they "represent a portion of the proceeds from the sale of the parties['] marital domicile" and asking that "spousal support payments" be made from the funds "until final trial." After a hearing, the trial court denied Cook's motion. This appeal followed.

## II. APPLICABLE LAW AND STANDARD OF REVIEW

A trial court has *quasi in rem* jurisdiction to determine who owns funds tendered into the court's registry. *Madeksho v. Abraham, Watkins, Nichols & Friend,* 112 S.W.3d 679, 686 (Tex.App.-Houston [14th Dist.] 2003, pet. denied) (citing *Bryant v. United Shortline Inc. Assurance Servs., N.A.,* 972 S.W.2d 26, 29 (Tex. 1998)). "Funds on deposit in the registry of a trial court are always subject to the control and order of the trial court, and the court enjoys great latitude in dealing with them." *Burns v. Bishop,* 48 S.W.3d 459, 467 (Tex.App.-Houston [14th Dist.] 2001, no pet.).

The trial court is vested with explicit statutory authority to enforce its judgments. *Katz v. Bianchi*, 848 S.W.2d 372, 374 (Tex.App.-Houston [14th Dist.] 1993, orig. proceeding); Tex.R. Civ. P. 308. In addition, a trial court is vested with inherent judicial authority to enforce its orders and decrees. *Katz*, 848 S.W.2d at 374. The only limit on this authority is that enforcement orders may not be inconsistent with the original judgment and must not constitute a material change in substantial adjudicated portions of the judgment. *Id.* Post-judgment orders embodying awards to claimants or enforcing the court's judgment itself are appealable orders; they function like judgments. *Kenseth v. Dallas County*, 126 S.W.3d 584, 600 (Tex.App.-Dallas 2004, pet. denied).

### III. DISCUSSION

#### A. Trial Court Jurisdiction

Cook addresses Stallcup's argument, made at the hearing on the motion, that the trial court had no jurisdiction because the funds in the registry were traceable to real property in Denton County, not Dallas County. Cook asserts that Stallcup's argument relates to venue, not jurisdiction.

Section 15.011 of the civil practice and remedies code provides:

> Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

Tex. Civ. Prac. & Rem.Code Ann. § 15.011 (Vernon 2002). This is a venue provision, and it is axiomatic that "venue" provisions do not confer "jurisdiction." *Compass Exploration, Inc. v. B-E Drilling Co.*, 60 S.W.3d 273, 277 (Tex.App.-Waco 2001, no pet.). Accordingly, the trial court's jurisdiction was not determined by section 15.011.

#### B. Dispersal of Funds in Registry

The 211th Judicial District Court's order transferring funds stated that the funds "were deposited into the Court's registry, pending resolution of the parties' dispute" and that the funds were transferred to the registry of the 302nd Judicial District Court "for that Court to adjudicate the parties' respective claims to it" and "for further disposition by the 302nd Judicial District Court" in this cause number. Cook argues the only dispute regarding the ownership of the funds in the registry was whether Stallcup had a joint interest in the Carrollton property based on an alleged marriage. She contends that because the trial court ruled against Stallcup on that issue, she is entitled to the funds as the sole owner.

We agree. The trial court's judgment that there was no marriage disposed of Stallcup's claim to the property and to the funds. *See* Tex. Fam.Code Ann. § 3.002 (Vernon 1998) ("Community property consists of the property, other than separate property, acquired by either spouse during marriage."). The trial court did not set aside or modify its judgment, and Stallcup has not challenged that judgment on appeal.

As a result, the trial court's plenary power over this judgment expired on March 1, 2004. Thus, the parties' dispute as to the ownership of the funds was resolved in Cook's favor. Thereafter, the trial court had power only to enforce its judgment, subject to the limitation that any enforcement may not be inconsistent with the original judgment and must not constitute a material change in substantial

adjudicated portions of the judgment. *See* Tex.R. Civ. P. 308; *Katz,* 848 S.W.2d at 374. Refusing to release the funds in the registry to Cook violates this principle. Accordingly, we conclude the trial court erred by denying Cook's post-judgment motion to release the funds in the registry. *See, e.g., Allen v. Allen,* 751 S.W.2d 567, 578 (Tex.App.-Houston [14th Dist.] 1988, writ denied) (where proceeds from sale of oil and gas interest escrowed by placing them in court's registry pending final disposition of ownership, trial court properly ordered payment to party after determining rightful ownership), *overruled on other grounds by Formosa Plastics Corp. USA v. Presidio Engr's & Contractors, Inc.,* 960 S.W.2d 41, 47 (Tex.1998).

We resolve Cook's single issue in her favor. We reverse the order of the trial court and remand this case with instructions to order the clerk of that court to release the funds to Cook, specifically $21,020.79, including any accrued interest and less any required fees and costs of court. *See* Tex. Loc. Gov't Code Ann. § 117.121(a) (Vernon Supp.2004–05) ("Money may be paid from the registry fund only on checks or drafts signed by a clerk on the written order of the court with proper jurisdiction. . . ."): *Eikenburg v. Webb,* 880 S.W.2d 781, 782 (Tex.App.-Houston [1st Dist.] 1993, orig. proceeding).