COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-301-CV

 

 

IN
RE RADFORD R. PANNELL                                                    RELATOR

 

 

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                             OPINION

 

                                              ------------








This is an original proceeding in which relator
Radford R. PannellCa pro se inmate incarcerated in
the Texas Department of Criminal Justice-Institutional Division (Athe
Department@)Cchallenges
the trial court=s orders requiring the
Department to withdraw funds from his inmate trust account to pay for court
costs that he was ordered to pay as a result of his convictions.  According to Pannell, the trial court
violated his due process rights by rendering the order in accordance with Texas
Government Code section 501.014(e) without giving him prior notice and an
opportunity to be heard.  The court has
considered relator=s petition for writ of mandamus
and is of the opinion that relief should be denied.  Accordingly, relator=s
petition for writ of mandamus is denied.

Background

On March 28, 2008, Pannell was
convicted of multiple felonies and sentenced to serve five concurrent
fifteen-year sentences.  Each of the five
judgments awarded court costs of $276.00. 
While serving his sentences in prison, Pannell opened an inmate trust
account provided by the Department.  On
April 9, 2008, the trial court entered three ex parte inmate trust fund withdrawal
orders, and on April 15, 2008, the trial court entered orders on the two
remaining judgments.  Each order
indicated that court costs in the amount of $276.00 was due for its
corresponding judgment and specified a formula for determining the amount of
each periodic withdrawal from Pannell=s inmate
trust account.  Each order also specified
that the withdrawals would continue until the total amount of court costs in
each respective case was paid.  Each
order further specified that, A[o]n
receipt of a copy of this Order, the Inmate Trust Fund Supervisor shall
withdraw money from the account of the inmate, hold same in a separate account,
and forward said money to the District Clerk of Tarrant County.@








The trial court=s
withdrawal orders all indicate that they are based on Texas Government Code
section 501.014(f)(5), which allows the Department to withdraw from an inmate=s trust
account any amount the inmate is ordered to pay by order of the court, Aas
directed by court order in accordance with Subsection (e).@  See Tex. Gov=t Code
Ann. ' 501.014(e),
(f)(5) (Vernon 2004).  Subsection (e)
directs the withdrawal of funds from an inmate trust account by the Department
upon Anotification
by a court@ in satisfaction of six
different kinds of debts, including payment of court fees and costs, in order
of priority.  See id. '
501.014(e).  The record before us
establishes that each withdrawal order directed the withdrawal of funds from
Pannell=s trust
account to pay the court fees and costs associated with each respective
conviction, and the total amount of court fees and costs for each case was
specified in each corresponding judgment.

On or about May 14, 2008, Pannell received a copy
of the court=s withdrawal orders in the
mail.  The record reflects that the first
withdrawal from his trust account occurred on June 17, 2008.  He then filed his petition for writ of
mandamus.








In his petition, Pannell, acting pro se,
complains that he was not afforded procedural due process prior to the State=s
withdrawal of the funds.  Specifically,
he argues that he was entitled to notice and that he Adid not
receive any notice of any kind before his receipt of the above mentioned
>withdrawal
orders,= nor any
notice after.@ (emphasis added).  Pannell does not indicate how or why error
exists except to argue that the State was required to follow the garnishment
procedures set forth in the Texas Rules of Civil Procedure prior to withdrawing
the funds from his inmate trust account, which it failed to do.  Pannell contends this failure to follow the
garnishment procedures resulted in a violation of his due process rights as set
forth in the United States Constitution and the Texas Code of Criminal
Procedure.  See U.S. Const. amend
XIV; Tex. Code Crim. Proc. Ann. art. 1.04 (Vernon 2005).  Pannell asks this Court to enter an order
vacating the five withdrawal orders because of the lack of due process and asks
us to order any money removed from his trust account be returned to that
account.

                                             Jurisdiction

The court of criminal appeals has recently held
complaints such as Pannell=s do not
involve a criminal matter; therefore, we may not address such issues in a
direct appeal from a criminal conviction. 
See Johnson v. Tenth Jud. Dist. Ct. of App. at Waco, No.
AP-75898, 2008 WL 4724104, at *6 (Tex. Crim. App. Oct. 29, 2008).[1]  Accordingly, we must decide whether this is
an appealable civil proceeding or whether mandamus is appropriate.








                                       Standard
of Review

Mandamus relief is proper only to correct a clear
abuse of discretion when there is no adequate remedy by appeal.  In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 135B36 (Tex. 2004) (orig.
proceeding).  Mandamus therefore will not
issue unless Pannell lacks an adequate remedy by appeal absent extraordinary
circumstances not implicated here.  In
re Van Waters & Rogers, Inc., 145 S.W.3d 203, 210B11 (Tex.
2004) (citing Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992)).  Determining whether an appeal is an adequate
remedy requires the careful balancing of jurisprudential considerations.  Prudential Ins. Co., 148 S.W.3d at 135B36.  An appellate remedy is adequate when any
benefits to mandamus review are outweighed by the detriments.  Id. 
When the benefits outweigh the detriments, we must conduct further
analysis.  Id.  Whether an appellate remedy is adequate so as
to preclude mandamus review depends heavily on the circumstances
presented.  Id. at 137.  An appeal is inadequate for mandamus purposes
when parties are in danger of permanently losing substantial rights, such as
when the appellate court would not be able to cure the error, the party=s
ability to present a viable claim or defense is vitiated, or the error cannot
be made part of the appellate record.  Van
Waters & Rogers, Inc., 145 S.W.3d at 210B11; Walker,
827 S.W.2d at 843B44.








                                 Adequate
Remedy by Appeal

The withdrawal orders issued by the trial court
allow the Department to withdraw money from Pannell=s trust
account for payment to the Tarrant County district clerk for the amounts
specified by the court orders.  See
Tex. Gov=t Code
Ann. ' 501.014(e),
(f)(5).  We note that each withdrawal
order is similar to the execution of a post-judgment order.[2]  See Tex. R. Civ. P. 621B656.  The Code of Criminal Procedure specifically
states that costs assessed in criminal judgments, such as in this case, may be
collected through a civil execution process. 
Tex. Code Crim. Proc. Ann. art. 43.07 (Vernon Supp. 2008); Johnson,
2008 WL 4724104, at *4; Reed v. State, 269 S.W.3d 619, 623 (Tex. App.CSan
Antonio 2008, no pet.).[3]  Moreover, in Johnson, the court of
criminal appeals held that orders issued under section 501.014(e) are civil in
nature and, thus, directly appealable to the intermediate courts of
appeal.  Johnson, 2008 WL 4724104,
at *5B6.








In civil actions, a post‑judgment order
that disposes of all matters placed before the trial court is a final and
appealable order.  See Allen v. Allen,
717 S.W.2d 311, 313 (Tex. 1986); Cook v. Stallcup, 170 S.W.3d 916, 920
(Tex. App.CDallas 2005, no pet.) (stating
that post‑judgment orders enforcing the trial court=s
judgment are appealable orders). 
Consequently, the withdrawal orders are final appealable orders.  Next we turn to the legal remedies that were
available to Pannell.

Pannell had three adequate legal remedies
available, none of which he utilized: (1) direct appeal; (2) restricted appeal;
and (3) bill of review.  See Tex.
R. App. P. 25.1, 30; Tex. R. Civ. P. 306a, 329b(f); Ross v. Nat=l Ctr.
for the Employment of the Disabled, 197 S.W.3d 795, 797 (Tex.
2006); Caldwell v. Barnes, 154 S.W.3d 93, 96B97 (Tex.
2004); Alexander v. Lynda=s
Boutique, 134 S.W.3d 845, 848 (Tex. 2004); Etheredge v. Hidden Valley
Airpark Ass=n, 169
S.W.3d 378, 380B81 (Tex. App.CFort
Worth 2005, pet. denied); Clopton v. Pak, 66 S.W.3d 513, 515 (Tex. App.CFort
Worth 2001, pet. denied).













Pannell received notice of the five withdrawal
orders on or about May 14, 2008.[4]  The postjudgment timetables, including the
period of the trial court=s plenary power to grant a new
trial, or to vacate, modify, correct or reform a judgment or order and for
filing in the trial court various documents including, motions for new trial,
motions to modify judgment, and motions to vacate a judgment typically begin on
the date that the judgment or order is signed. 
See Tex. R. Civ. P. 306a(1); Mem=l Hosp.
of Galveston County v. Gillis, 741 S.W.2d 364, 365 (Tex.
1987); Nathan A. Watson Co. v. Employers Mut. Cas. Co., 218 S.W.3d 797,
800 (Tex. App.CFort Worth 2007, no pet.).  Thus, Pannell=s notice
of appeal would have been due on May 15, 2008. 
However, if a party adversely affected by the judgment or other
appealable order does not receive notice from the district clerk or acquire
actual knowledge of the judgment or order within twenty days of the signing of
the judgment or order, the postjudgment timetables begin on the date that the
party or its attorney received notice or actual knowledge of the order,
provided that the party (1) complies with the sworn motion, notice, and hearing
requirements mandated by Rule 306a(5), and (2) proves that he received the
notice of judgment or order  more than
twenty but less than ninety-one days after it was signed.  See Tex. R. Civ. P. 306a(4)B(5); Mem=l Hosp.
of Galveston County, 741 S.W.2d at 365; Nathan A. Watson Co.,
218 S.W.3d at 800.  Because Pannell
received notice of each of the five withdrawal orders more than twenty days
from the date each order was signed, he could have filed a sworn motion to establish
a prima facie case that he lacked timely notice to invoke the trial court=s
jurisdiction.  See Tex. R. Civ. P.
306a(5); Cont=l Cas. Co. v. Davilla, 139
S.W.3d 374, 379 (Tex. App.CFort
Worth 2004, pet. denied); Grondona v. Sutton, 991 S.W.2d 90, 91B92 (Tex.
App.CAustin
1998, pet. denied).  However, his notice
of appeal would have then been due by June 13, 2008.  See Tex. R. Civ. P. 306a(4)B(5).  Because Pannell did not avail himself of the
procedures afforded by rule 306a, he lost his opportunity to file a direct
appeal.  Id.  A party=s
failure to comport with these rules which would have given him the time to file
his notice of appeal is not a sufficient excuse to justify issuance of mandamus.  See In re Tex. Dep=t of
Family & Protective Servs., 210 S.W.3d 609, 614 (Tex.
2006).








It also appears that Pannell could have filed a
restricted appeal.  See Tex. R.
App. P. 26.1(c), 30.  In order to pursue
a restricted appeal, the party must demonstrate the following: (1) initiation
of an appeal within six months after the trial court signed the judgment or
order; (2) the appellant was a party to the suit; (3) the appellant did not
participate in the hearing that resulted in the judgment complained of; (4) the
appellant did not timely file a post‑judgment motion or request for
findings of fact and conclusions of law or file a notice of appeal within the
time permitted by Rule 26.1(c) of the Texas Rules of Appellate Procedure; and
(5) error appears on the face of the record. 
See Tex. R. App. P. 26.1(c), 30; Alexander, 134 S.W.3d at
848; Etheredge, 169 S.W.3d at 380B81; Clopton,
66 S.W.3d at 515.  However, Pannell did
not file a restricted appeal within the applicable time period and thus lost
the opportunity to do so.  See
Tex. R. App. P. 30; Clopton, 66 S.W.3d at 515B16.

Moreover, based on Pannell=s
argument that he was deprived of due process, he also could have satisfied the
requirements for filing a bill of review. 
See Tex. R. Civ. P. 329b(f); Ross, 197 S.W.3d at 797.  A bill of review requires proof of three
elements:  (1) a meritorious defense, (2)
that was not asserted due to fraud, accident, or wrongful act of an opponent or
official mistake, (3) unmixed with any fault or negligence by the movant.  See Ross, 197 S.W.3d at 797; Baker
v. Goldsmith, 582 S.W.2d 404, 406B07 (Tex.
1979).  The Texas Supreme Court has held
that a defendant who is not served with process is entitled to a bill of review
without a further showing, because the Constitution discharges the first
element, and lack of service establishes the second and third.  See Ross, 197 S.W.3d at 797; Caldwell,
154 S.W.3d at 96B97.  Pannell has not filed a bill of review.








The orders in this case are final and appealable
orders.  See Tex. Gov=t Code
Ann. ' 501.014(e),
(f); Reed, 269 S.W.3d at 624. 
Although Pannell had several adequate appellate remedies of which to
avail himself in contesting the orders, he instead sought mandamus relief.  Mandamus is not available if another remedy,
though it would have been adequate, was not timely exercised.  See In re Tex. Dep=t of
Family & Protective Servs., 210 S.W.3d at 614.  Thus, we conclude and hold that Pannell had
an adequate legal remedy and is therefore not entitled to mandamus relief.  Pannell=s
petition is denied.

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT,
and WALKER, JJ.

DELIVERED:  February 25, 2009

 











[1]The Texas Supreme Court
is currently considering the same issues in a direct civil appeal in Harrell
v. State, No. 07-0806 (Tex., filed Oct. 1, 2007) (argued on Nov. 13, 2008).





[2]The procedures to be
followed in executing on a judgment are set out in Part VI, Section 3 of the
Texas Rules of Civil Procedure.  See Tex.
R. Civ. P. 621B656.





[3]Specifically, Article
43.07 provides, AIn each case of pecuniary
fine, an execution may issue for the fine and costs. . . .  The execution shall be collected and returned
as in civil actions.@  Tex. Code Crim. Proc. Ann. art. 43.07.





[4]Pannell received three
April 9, 2008 orders thirty-six days after they were signed and two April 15,
2008 orders twenty-nine days after they were signed.