Petition
for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed May 5,
2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-11-00197-CV



In Re Diana Ruth Lovell,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS

246th
District Court

Harris County,
Texas

Trial Court
Cause No. 2009-18060

 



 



MEMORANDUM  
OPINION

On March 8, 2011, relator Diana Ruth Lovell filed a
petition for writ of mandamus in this court. See Tex. Gov’t Code Ann.
§22.221; see also Tex. R. App. P. 52.  In the petition, relator asks
this court to compel the Honorable James York, presiding judge of the 246th
District Court of Harris County to vacate his order signed March 3, 2011.  We
conditionally grant the writ.

Background

Relator and the real party in interest Chris Martin
were divorced on December 11, 2009.  The parties entered into an agreement
incident to divorce in which they agreed, among other things, to sell the
property located at 5823 Shady River Drive in Houston.  As part of the
agreement the parties agreed to sell the property “for a price that is mutually
agreeable to Husband and Wife; however, the property shall not be sold for less
than $931,830.00.”  They further agreed that, “Wife’s share of the net sales
proceeds shall in no event be lower than 70% of the 2009 HCAD value of this
property ($931,482.00).”  

On May 14, 2010, Chris filed a motion in aid of the
agreement incident to divorce.  In the motion he stated that the house was
priced too high to sell and requested that the court reform the agreement to
permit an offer within three percent of the listing price.  On November 21,
2010, the trial court ordered the property to be sold by December 11, 2010 at a
price agreed upon by the parties.  The court specifically ordered clarification
of the earlier agreement incident to divorce.  The court determined that
December 11, 2010 was a reasonable deadline for compliance, and the “clarifying
order may be enforced by contempt if the parties fail to comply by the date
specified.”  If the property did not sell at a price agreed upon by the
parties, the court determined that “upon the application of either party, the
Property shall be sold under terms and conditions determined by a
court-appointed receiver, and the receiver shall sell the Property for fair
market value.”  The December order repeated the portion of the original
agreement, which stated that Diana’s share of the proceeds would be no less
than 70% of $931,483.00 or the actual sales price, whichever is greater, less
the mortgage balance, closing costs, and realtor fees.  Diana filed a motion
for reconsideration of the December order, which was overruled by operation of
law.  On January 19, 2011, she filed a notice of appeal, which was assigned to
this court and docketed as cause number 14-11-00055-CV.

On December 13, 2010, Chris filed a motion seeking to
appoint a receiver or to partition the property because the property did not
sell by December 10.  In the motion, Chris averred that the property did not
sell because the list price was too high.  On January 14, 2011, the trial court
ordered an appraisal.  The court held a hearing on February 24, 2011 after the
appraisal was completed.  On March 3, 2011, the court signed an order requiring
the property to be sold at the MAI appraised value within 30 days of the
order.  It is from the March order that Diana seeks mandamus relief.

Mandamus Standard

Mandamus relief is available when the trial court
abuses its discretion and there is no adequate remedy at law, such as by
appeal.  In re Prudential Ins. Co., 148 S.W.3d 124, 135–36 (Tex. 2004). 
If we determine that an order is void, relator need not show she did not have
an adequate appellate remedy.  In re Southwestern Bell Tel. Co., 35
S.W.3d 602, 604 (Tex. 2000).  

Trial
Court’s Jurisdiction to Enter Clarification Order

Diana contends the trial court did not have
jurisdiction to enter the order clarifying the sale of the property because it
was entered after expiration of the trial court’s plenary power, and in
violation of the Family Code, which abates further proceedings while an appeal is
pending.  Chris responds that the order at issue here is merely a ministerial
act of enforcement of the judgment.

A court has inherent judicial authority to enforce
its orders and decrees.  Cook v. Stallcup, 170 S.W.3d 916, 920 (Tex .App.—Dallas
2005, no pet.); Katz v. Bianchi, 848 S.W.2d 372, 374 (Tex. App.—Houston
[14th Dist.] 1993, orig. proceeding).  When the judgment has not been
superseded, the trial court has jurisdiction to hear a motion to enforce, even
though the judgment has been appealed.  See In re Crow–Billingsley Air Park,
Ltd., 98 S.W.3d 178, 179 (Tex. 2003).  A court that rendered a divorce
decree generally retains continuing subject-matter jurisdiction to enforce and
to clarify the property division.  See Tex. Fam. Code Ann. §§ 9.002
& 9.008; In re Provine, 312 S.W.3d 824, 829 (Tex. App.—Houston [1st
Dist.] 2009, orig. proceeding).  

Section 9.007 of the Family Code provides in relevant
part:

(a) A court may not amend, modify, alter, or change the
division of property made or approved in the decree of divorce or annulment.  An
order to enforce the division is limited to an order to assist in the
implementation of or to clarify the prior order and may not alter or change the
substantive division of property.

* * * * *

(c) The power of the court to render further orders to
assist in the implementation of or to clarify the property division is abated
while an appellate proceeding is pending.

Tex. Fam. Code Ann. § 9.007. 


            This section
deprives the trial court of subject-matter jurisdiction to enter an order
clarifying the property division during the pendency of an appeal.  See
Gainous v. Gainous, 219 S.W.3d 97, 107–08 (Tex. App.—Houston [1st Dist.]
2006, pet. denied); English v. English, 44 S.W.3d 102, 106 (Tex.
App.—Houston [14th Dist.] 2003, no pet.) (The trial court is prohibited from
implementing and clarifying the property division by way of further order).  Neither
the parties’ compliance, nor the ministerial act of execution of the judgment
are proscribed under this section.  In re Fischer–Stoker, 174 S.W.3d
268, 272 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding).  Therefore,
while the court maintained jurisdiction to issue an order enforcing its prior
order, the court is prohibited from issuing orders assisting in the
implementation of the decree’s property division or clarifying the property
division.  See Sheikh v. Sheikh, 248 S.W.3d 381, 388 (Tex. App.—Houston
[1st Dist.] 2007, no pet.).

In this case, the trial court issued an order dated
November 2, 2010, requiring the property to be sold at fair market value and
stating Diana’s share of the proceeds of the property.  On January 14, 2011,
Diana timely appealed that order.  At that time the power of the court to
clarify the property division by way of further order was abated.  See
Tex. Fam. Code Ann. § 9.007(c).  The order issued March 3, 2011 attempts to
clarify the November order that was appealed.  Therefore, at the time the court
issued the March 3, 2011 order the trial court did not have jurisdiction to do
so.  See Fisher–Stoker, 174 S.W.3d at 272, English, 44 S.W.3d at
106.  

Chris argues that the March order is merely a
ministerial enforcement of the November order.  The March order, however,
changed the potential sales price for the property.  By changing the sales
price, the order also changed the proceeds Diana would receive as a result of
the sale.  The March order is not an enforcement order, but an attempt to
clarify the property division, which is prohibited pending appeal of the November
order.

We hold that, under section 9.007(c) of the Family
Code, the power of the trial court to issue an order clarifying the terms of
the property sale is abated during the pendency of the related appeal.  We
withdraw our March 15, 2011 order staying the March 3, 2011 order and
conditionally grant writ of mandamus.  We are confident the trial court will
vacate its order of March 3, 2011; if the court fails to do so, the writ will
issue.

 

                                                                                    

                                                                        /s/        Sharon
McCally

                                                                                    Justice

 

 

Panel consists of Justices Anderson, Seymore, and McCally.