**DENY; and Opinion Filed July 17, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00371-CV

## IN THE MATTER OF THE MARRIAGE OF KINDRELA KEISHELLE TYSON

**Original Proceeding from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-16-19594**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Boatright
Opinion by Justice Boatright

The underlying proceeding is a divorce action. In this original proceeding, relator Kindrela Keishelle Tyson complains of the trial court's order requiring relator to sign a warranty deed and convey her interest in the marital residence within twenty-four hours of entry of judgment. We granted an emergency stay of the order and requested responses to the petition for writ of mandamus. Neither respondent nor the real party in interest filed a response. Although the trial court erred by issuing the order to execute the deed, that order is merely voidable and not subject to mandamus review. We, therefore, deny relator the relief requested.

**Background**

In the underlying divorce proceeding, the trial judge stated her rulings on the record, including her award of the marital residence along with the associated debt, taxes, and expenses to Husband. The trial court set the case for hearing to enter a final order. At that hearing, the trial court also heard Husband's motion to require relator to execute the warranty deed to the

marital residence within 48 hours. The trial judge verbally granted the motion and signed an order requiring relator to execute the deed by 5:00 p.m. the next day. The trial judge rejected relator's argument that she should be permitted to seek a bond and appeal the judgment before being required to execute the deed. The trial judge noted that relator must sign the deed within the next day because relator had rescheduled the hearing to sign the judgment and had caused delays in the case.

**Applicable Law**

Except as otherwise provided by chapter 9 of the Family Code, enforcement of divorce decrees are governed by the Texas Rules of Civil Procedure. TEX. FAM. CODE ANN. § 9.001(b) (West Supp. 2016); *English v. English*, 44 S.W.3d 102, 105 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *Winkle v. Winkle*, 951 S.W.2d 80, 89 (Tex. App.—Corpus Christi, 1997, pet. denied). Rule 627 of the Texas Rules of Civil Procedure provides that, absent the posting of a supersedeas bond, execution of a final judgment from a district court may not issue until thirty days have elapsed since the rendition of the final judgment, or thirty days after the overruling of any motion for new trial, either by written order or by operation of law. TEX. R. CIV. P. 627. A prematurely issued execution of judgment, however, is not void, only voidable. *South Falls Corp. v. Davenport*, 368 S.W.2d 695, 697 (Tex. Civ. App.—Dallas 1963, no writ); *Winkle*, 951 S.W.2d at 89–90. The execution may not be collaterally attacked and must be respected until it is vacated in a direct proceeding instituted in the court which ordered it to be issued. *Winkle*, 951 S.W.2d at 89–90 (citing *South Falls Corp.*, 368 S.W.2d at 697). In other words, a prematurely issued execution of judgment must be attacked in the trial court that issued the order and may not be reviewed through a petition for writ of mandamus. *York Div., Borg-Warner Corp. v. Sec. Sav. & Loan Ass'n, Dickinson*, 485 S.W.2d 327, 330 (Tex. Civ. App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.) ("a writ of execution prematurely issued in violation of Rule 627 . . . is not void but

only voidable, and can be attacked only in the court from which it issues in a direct proceeding.") (citing *South Falls Corp.*).

Although voidable orders are readily appealable and must be attacked directly, void orders may be circumvented by collateral attack or remedied by mandamus. *Sanchez v. Hester*, 911 S.W.2d 173, 176 (Tex. App.—Corpus Christi 1995, no writ) (citing *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (orig. proceeding)). A void order is one entered by a trial court that lacks jurisdiction over the parties or the subject matter, or is an order entered outside the trial court's capacity as a court. *In re Florey*, 329 S.W.3d 854, 857 (Tex. App.—Eastland 2010, orig. proceeding) (citing *Mapco, Inc.*, 795 S.W.2d at 703). "Voidable orders result from errors other than lack of jurisdiction, such as an action contrary to a statute or statutory equivalent." *Id.* (citing *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003)).

After rendering the initial decree of divorce containing a property division, the trial court is prohibited from implementing or clarifying the property division by way of further orders while an appeal is pending. TEX. FAM. CODE ANN. § 9.007(c) (West 2006); *English*, 44 S.W.3d at 105–06. But the ministerial act of execution upon the judgment is not proscribed. *In re Fischer–Stoker*, 174 S.W.3d 268, 272 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding); *English*, 44 S.W.3d at 106; *State v. Blair*, 629 S.W.2d 148, 150 (Tex. App.—Dallas 1982) (execution in a judgment is merely a direction to a ministerial officer to permit enforcement of the judgment), *aff'd Blair v. State*, 640 S.W.2d 867 (Tex. 1982). Section 9.007(c) deprives the trial court of subject-matter jurisdiction to enter an order clarifying the property division during the pendency of an appeal. *In re Lovell*, No. 14-11-00197-CV, 2011 WL 1744211, at *2–3 (Tex. App.—Houston [14th Dist.] May 5, 2011, orig. proceeding) (trial court lacked jurisdiction to issue an order that attempted to clarify an order for which an appeal had been perfected). An

order violating section 9.007(c) may be collaterally attacked through a petition for writ of mandamus because such an order is issued outside the trial court's jurisdiction and is void. *Id.*

For example, in *Fischer-Stoker*, the husband filed a motion to enforce the property division by criminal contempt if the wife failed to provide an accounting of her Wells Fargo accounts as of December 12, 2003 and a check for 50% of the money in those accounts on that date. *In re Fischer–Stoker*, 174 S.W.3d at 272. The court construed the relief sought as an order to assist in the implementation of the property division in the final divorce decree for which the trial court lacked jurisdiction to issue during the pendency of an appeal under section 9.007(c). *Id.* The court conditionally granted the wife's petition for writ of mandamus and ordered the trial court to dismiss the motion for contempt. *Id.*

Similarly, in *Lovell*, the trial court issued an order in November 2010 requiring the property to be sold at fair market value and stating wife's share of the proceeds of the property. *Id.* Wife appealed two months later and that appeal automatically abated the power of the court to clarify the property division by way of further order. *Id.* The trial court, therefore, lacked jurisdiction to issue an order that attempted to clarify the November order after wife perfected the appeal. *Id.*

### Analysis

Applying the analysis of the courts in *Lovell* and *Fischer-Stoker*, the trial court's order granting the motion to execute deed is an order "implementing or clarifying the property division by way of further orders" after entry of the divorce decree because the order requires relator to implement the property division by requiring her to execute the warranty deed. The trial court will lack jurisdiction to issue and enforce such an order once relator appeals the judgment and order. However, relator has not yet filed a notice of appeal. TEX. R. APP. P. 26.1, 26.3. As such, section 9.007(c) does not yet apply. Instead, the enforcement order is simply a premature

execution order that violates Rule 627 but remains merely voidable and, therefore, not subject to collateral attack through a petition for writ of mandamus. Relator has an adequate appellate remedy. Accordingly, we deny relator's petition for writ of mandamus.

/Jason Boatright/
JASON BOATRIGHT
JUSTICE

170371F.P05