ACCEPTED
15-25-00005-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/27/2025 9:00 AM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/27/2025 9:00:39 AM
CHRISTOPHER A. PRINE
Clerk

No. 15-25-00005-CV

**In the
Fifteenth Court of Appeals**

JOHNNY PARTAIN,
*Plaintiff –Appellant*,
v.

STATE OF TEXAS,
*Defendant –Appellee.*

On Appeal from the
126th Judicial District Court, Travis County, Texas

### STATE OF TEXAS'S RESPONSE TO PARTAIN'S EMERGENCY MOTION TO DISSOLVE THE INJUNCTION

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy Attorney General for Civil
Litigation

AUSTIN KINGHORN
Deputy Attorney General for Civil
Litigation

KIMBERLY GDULA
Chief, General Litigation Division

Ali Thorburn
Texas Bar No. 24125064
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(737) 330-4404
FAX: (512) 320-0667
ali.thorburn@oag.texas.gov
Counsel for Appellee

1

## INTRODUCTION

Appellant Johnny Ray Partain ("Partain") was trying to sell land owned by the Texas Parks and Wildlife Department on Ebay and Facebook. Partain's Ex. 1.[1] Partain does not deny he listed this land for sale on the internet. He insists he owns it. Partain's Exhibit 2 p. 2.

Partain's attempts to sell state land violate the December 19, 2024 Permanent Injunction ("the Injunction") at the center of this appeal. Partain's Ex. 1 p. 9-11. Partain did not apply for a stay of the Injunction pending appeal, and the Injunction remains enforceable. Thus, the State filed a Motion for Contempt and Show Cause Order ("the State's Motion"). Partain's Ex. 1 p. 1-8. The State's Motion is set for hearing on July 1, 2025. Partain's Ex. 3.

In response to the State's Motion, Partain filed an "Emergency Motion to Dissolve The Injunction" ("Partain's Motion") with this Court. In Partain's Motion he requests the ultimate relief he seeks in this appeal—the dissolution of the permanent injunction—and raises new arguments not in his Original Appellant's Brief. Appellant's Brief at 10-13. The State now files this Response to Partain's Motion.

---

[1] The Exhibits to Appellant's Emergency Motion to Dissolve The Injunction are hereinafter referred to as "Partain's Ex. []."

## ARGUMENT

The Court should deny Partain's Motion for several reasons. First, Partain cannot raise new arguments supporting his ultimate request for relief after fully briefing the appeal. Second, the trial court has jurisdiction to enforce the Injunction. Further, even if the trial court did not have jurisdiction to enforce the Injunction while on appeal, such an argument does not support dissolution of the Injunction.

### A. Partain Cannot Assert New Arguments Not Raised in His Original Appellant's Brief.

In Partain's Motion, Partain requests the Court dissolve the Order Granting the Permanent Injunction and Other Relief. Partain's Motion at 7. This is the same relief Partain requests in his Appellant's Brief. Appellant's Brief at 40. In Partain's Motion, Partain asserts two *new* reasons the Court should grant this ultimate request for relief. Partain's Motion at 2-7. These arguments are not properly before this Court and should not be considered. TEX. R. APP. P. 38.1(f).

The Texas Rules of Appellate Procedure do not permit an appellant to later raise new issues not included in the appellant's original brief. TEX. R. APP. P. 38.1(f). Texas appellate courts consistently refuse to consider issues raised for the first time in reply briefs. *See e.g. Lopez v. Montemayor*, 131 S.W.3d 54, 61 (Tex. App.–San Antonio 2003, pet. denied) ("A reply brief is

not intended to allow an appellant to raise new issues"); *see also Hampton v. Equity Tr. Co.*, 607 S.W.3d 1, 6 (Tex. App.–Austin 2020, pet. denied). Here, the briefing process has been complete for weeks. Appellant's Reply at 15 (certifying Appellant's Reply Brief was filed on May 28, 2025). The time for new arguments has long passed.

Nevertheless, Partain now asserts new reasons the Court should dissolve the Injunction. Specifically, Partain raises new arguments under Texas Rule of Civil Procedure 683 and also claims the trial court has no jurisdiction to enforce the Injunction. Partain's Motion at 2-7. These arguments were not asserted in Partain's Original Appellant's Brief (Appellant's Brief at 10-13) or even in Partain's Reply Brief (Appellant's Reply Brief at 1-14). These arguments are not subsidiary to or remotely intertwined with any argument raised in Appellant's initial brief. *See Stovall & Assocs., P.C. v. Hibbs Fin. Ctr., Ltd.*, 409 S.W.3d 790, 803 (Tex. App.–Dallas 2013, no pet.) (finding an argument was not properly before the court even though it was related to the appellant's ultimate challenge of the trial court's ruling because the specific grounds for the argument were raised for the first time in a reply brief).

Because Partain's additional arguments would not be properly before this Court if they were presented in a *reply* brief, they are certainly not

properly before this Court in Partain's post-brief Motion. TEX. R. APP. P. 38.1(f).

## B. The Trial Court Has Jurisdiction to Enforce the Injunction, But Even if it Did Not, a Court's Inability to Enforce an Injunction on Appeal is Not Cause for Dissolving the Injunction.

"When a final judgment has not been superseded or stayed pending an appeal, either the trial court or the court of appeals may entertain a motion for contempt." *In re Sheshtawy*, 154 S.W.3d 114, 124-25 (Tex. 2004).[2]

Here, the Injunction is a final judgment on the merits. *See* Partain's Ex. 1 p. 11 ("This Order disposes of all issues in the case and is an appealable final order."). The Injunction has not been stayed or superseded pending appeal. *See* Partain's Ex. 1 p 3. Therefore, the trial court has jurisdiction to enforce the Injunction. *In re Sheshtawy*, 154 S.W.3d at 124-25.

---

[2]*Sheshtawy* controls over the cases Partain references. Partain's Motion at 3. In *In re Sheshtawy*, the court re-examined its decisions in *Schultz v. Fifth Jud. Dist. Ct. App.,* 810 S.W.2d 738, 740 (Tex. 1991) and *Ex parte Boniface,* 650 S.W.2d 776, 777-78 (Tex. 1983) and considered its holdings in *Ex parte Werblud,* 536 S.W.2d 542, 544 (Tex. 1976); *Ex parte Duncan,* 95 S.W.2d 675, 679-80 (Tex. 1936); *Ex parte Travis*, 73 S.W.2d 487, 489 (Tex. 1934); and *Ex Parte Kimbrough*, 146 S.W.2d 371, 372 (Tex. 1941). *In re Sheshtawy*, 154 S.W.3d at 120-25. The *Sheshtawy* court was "unable to discern a compelling reason for withdrawing a trial court's authority to enforce a final judgment pending appeal when that judgment has not been superseded or stayed and no statute or rule of procedure removes the trial court's authority." *In re Sheshtawy*, 154 S.W.3d at 124. A subsequent lower court stated "*Sheshtawy* clearly abrogates *Boniface's* holding that contempt proceedings initiated to enforce a judgment during appeal of that judgment must be heard in every instance in the court of appeals, rather than the trial court." *In Re Fischer-Stoker*, 174 S.W.3d 268, 271 (Tex. App.–Houston [14th Dist.] 2005, pet. denied) (citing *In re Sheshtawy*, 154 S.W.3d at 124) (internal citations omitted).

But assuming *arguendo*, this argument was properly before this Court and this Court found the trial court lacked jurisdiction to enforce the Injunction while the appeal was pending, it would still present no basis for a *dissolution* of the Injunction. At most, it would support an argument for a stay of the Injunction. However, Partain requested *dissolution* of the Injunction, not a stay. As such, this Court should deny Partain's Motion.

## CONCLUSION

For these reasons, Appellee the State of Texas respectfully requests this Court deny Appellant Johnny Ray Partain's Emergency Motion to Dissolve the Injunction.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy Attorney General for Civil
Litigation

AUSTIN KINGHORN
Deputy Attorney General for Civil
Litigation

KIMBERLY GDULA
Chief, General Litigation Division

Ali Thorburn
Texas Bar No. 24125064
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(737) 330-4404
FAX: (512) 320-0667
ali.thorburn@oag.texas.gov
Counsel for Appellee

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this Appellee Brief complies with Texas Rule of Appellate Procedure 9.4(i). The text is a conventional typeface set to 14-point and the number of words in the document, not counting excepted sections, as calculated by the word count feature of Microsoft Word is 1,097.

/s/ Ali Thorburn
ALI THORBURN
Assistant Attorney General

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that the above and foregoing instrument has been served on all counsel of record in accordance with the Texas Rules of Appellate Procedure on this 27th day of June, 2025 through the electronic filing system, email, regular mail, and Certified Mail, return receipt requested.

Johnny Partain          *Plaintiff –Appellant*
7020 N. 16th Street
McAllen, Texas 78504
partain@atlastechnologies.biz
CM/RRR#: 9589 0710 5270 0480 2521 49

/s/ Ali Thorburn
ALI THORBURN
Assistant Attorney General

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michelle Elliott on behalf of Ali Thorburn
Bar No. 24125064
michelle.elliott@oag.texas.gov
Envelope ID: 102509664
Filing Code Description: Other Document
Filing Description: SOTs Response to Partains Emergency Motion to Dissolve the Injunction
Status as of 6/27/2025 9:31 AM CST

Associated Case Party: STATE OF TEXAS Ali Thorburn Assistant Attorney General

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Zachary L.Rhines | | zachary.rhines@oag.texas.gov | 6/27/2025 9:00:39 AM | SENT |
| Ali Thorburn | | ali.thorburn@oag.texas.gov | 6/27/2025 9:00:39 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ariana Ines | | ariana.ines@oag.texas.gov | 6/27/2025 9:00:39 AM | SENT |

Associated Case Party: JOHNNYPARTAIN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Johnny Partain | | partain@atlastechnologies.biz | 6/27/2025 9:00:39 AM | SENT |