**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00173-CV**
_____

**IN RE SCOTT MITCHELL OBEGINSKI**

---

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 24-11-18234**

---

**MEMORANDUM OPINION**

Scott Mitchell Obeginski filed a petition for a writ of mandamus and a motion for temporary relief. The trial court signed a Modified Final Judgment on October 17, 2025. On December 1, 2025, Relator perfected an appeal by filing a notice of appeal in Trial Cause Number 24-11-18234 and an active appeal has been docketed as Appeal Number 09-25-00487-CV, *Scott Mitchell Obeginski v. Codilis & Moody, P.C., et al.* Relator complains that he filed an amended motion to vacate the final judgment on March 27, 2026, and four supplements to this motion but the trial court has failed to rule on the motion as supplemented.

1

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840.

The trial court's plenary power to modify the judgment expired before Relator filed the motion contained in the appendix to his mandamus petition. *See* Tex. R. Civ. P. 329b(e). Relator has not invoked the trial court's power to enforce its judgment, as the motion seeks to void the judgment, not to enforce it. *See id.* 308; *Cook v. Stallcup*, 170 S.W.3d 916, 920 (Tex. App.—Dallas 2005, no pet.) ("[E]nforcement orders may not be inconsistent with the original judgment and must not constitute a material change in substantial adjudicated portions of the judgment.").

Relator has not shown that the trial court abused its discretion. Accordingly, we deny the petition for a writ of mandamus as supplemented, and we deny the motion for temporary relief. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on May 1, 2026
Opinion Delivered May 4, 2026

Before Golemon, C.J., Wright and Chambers, JJ.