Ubea William WALKER, Relator,

v.

Harold TOWSLEE, Judge, Respondent.

No. C–2803.

Supreme Court of Texas.

July 11, 1984.

Rehearing Denied Oct. 4, 1984.

Perkins, Dreyer, Rather & Schroeder, Gary J. Schroeder, Gonzales, for relator.

Rick Harrison, Austin, for respondent.

PER CURIAM.

This is an original mandamus action in which relator, Ubea William Walker, seeks an order directing Judge Harold Towslee of the 335th District Court of Bastrop County to vacate his order granting a motion for attorney's fees. The writ is conditionally granted.

Ubea William Walker, husband, and Frances Fielding Walker, wife, were divorced in Bastrop County by decree dated Octo-

ber 31, 1983. The court awarded wife judgment in the amount of $4,500 for attorney's fees. Husband filed a motion for new trial and on January 4, 1984, wife filed a motion for attorney's fees. On January 11, 1984, the court ordered husband to immediately pay to wife "as interim attorney fees the sum of $8,500." The order stated that wife's motion was based on TEX.FAM. CODE ANN. § 3.58(b)(4). However, it is apparent the section relied on is § 3.58(c)(4).

It is this Court's opinion that § 3.58(c)(4) does not permit a summary order by the trial court after judgment for payment of attorney's fees. Further, § 3.58(c) provides for an order for payment of reasonable attorney's fees and expenses if, on motion of any party or on the court's motion, the court grants a temporary injunction after notice and hearing for the preservation of property and the protection of the parties as deemed necessary and equitable. The order for payment of attorney's fees in the instant case is not in conjunction with a temporary injunction for the preservation of property and protection of the parties. Section 3.58 does not allow a party to collect "interim" attorney's fees after the judgment of divorce is rendered.

Judge Towslee's granting of "interim" attorney's fees after judgment and not in conjunction with an order for the preservation of property and protection of the parties is in conflict with § 3.58. Therefore, without hearing oral argument, we grant the writ of mandamus pursuant to TEX.R. CIV.P. 483. If Judge Towslee fails to vacate his order granting wife's motion for attorney's fees, the writ will issue.