Opinion issued December 9, 2004














In The
Court of Appeals
For the
First District of Texas
____________

NO. 01–04–00471–CV
____________

IN RE DIANE FISCHER-STOKER, Relator




Original Proceeding on Petition for Writ of Mandamus




OPINION ON REHEARING

         Relator Diane Fischer-Stoker filed a petition for a writ of mandamus in this
Court complaining of Judge Lisa Millard’s refusal to dismiss a contempt proceeding
brought against relator by real party in interest Ronnie H. Stoker. On August 19,
2004, we issued an opinion conditionally granting the writ. Relator filed a motion for
reconsideration. We deny the motion for reconsideration, but withdraw our opinion
of August 19, 2004 and substitute this opinion. We conditionally grant relief.
Background
          Fischer-Stoker and Stoker were divorced by decree entered December 23,
2003. After a bench trial, the trial court ordered both parties to deliver an accounting
of their bank accounts as of December 12, 2003, along with a check made payable to
the other party for 50% of the sums in those accounts as of that date. Fischer-Stoker
failed to abide by the terms of the decree. 
          On March 22, 2004, Fischer-Stoker timely filed a notice of appeal.


 On March
26, 2004, Stoker filed a motion for contempt against Fischer-Stoker in the trial court,
seeking to have her jailed until she provided him an accounting of certain Wells
Fargo bank accounts and a check for 50% of the funds on deposit in those accounts
as of December 12, 2003, as required by the terms of the divorce decree. Stoker also
sought his attorneys’ fees in connection with the motion for contempt. The trial court
set April 12, 2004 as the date for a show-cause hearing. Fischer-Stoker filed a motion
to dismiss the contempt proceeding, contending that the trial court lacked jurisdiction
to enforce the property provisions of the divorce decree issue while an appeal was
pending. On April 19, the trial court denied Fischer-Stoker’s motion to dismiss and
ordered her to pay Stoker’s attorney’s fees in the amount of $10,750 and to pay
Stoker’s attorney $7500 within 10 days of the filing of any petition for review to the
Texas Supreme Court. The trial court reset the hearing on Stoker’s motion for
contempt to May 3. Fischer-Stoker failed to comply with the trial court’s April 19
order awarding Stoker attorney’s fees.
          On April 28, 2004, Fischer-Stoker filed a petition for writ of mandamus and
request for emergency stay in this Court. In her petition, Fischer-Stoker complained
that the trial court should not have scheduled a show-cause hearing on Stoker’s
motion for contempt, but should instead have granted her motion to dismiss the
contempt proceeding for lack of jurisdiction. On July 16, Stoker moved in this Court
to dismiss Fischer-Stoker’s appeal on the ground that Fischer-Stoker had failed to
comply with the trial court’s orders for an accounting, payment of half her bank
deposits to Stoker, and payment of attorney’s fees to Stoker’s attorney. On August
6, Stoker filed a second motion for contempt in this Court, seeking enforcement of
the trial court’s order requiring Fischer-Stoker to pay Stoker’s attorney’s fees incurred
in connection with his contempt motion in the trial court.
          On August 19, 2004, we issued our opinion conditionally granting the writ of
mandamus sought by Fischer-Stoker. We now withdraw that opinion and issue this
is its stead.
 
Standard of Review
          A court of appeals may issue a writ of mandamus, “agreeable to the principles
of law regulating those writs,” against a judge of a district or county court in the court
of appeals’ district. Tex. Gov’t Code Ann. § 22.221(b)(1) (Vernon 2004). We may
grant mandamus relief to correct a clear abuse of discretion or a violation of a duty
imposed by law when there is no adequate remedy by appeal. Canadian Helicopters
Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833,
839 (Tex. 1992). 
Jurisdiction
          Relying principally on Ex Parte Boniface, Fischer-Stoker argues that only this
Court may entertain a motion to enforce a divorce decree by contempt after the
jurisdiction of the appellate court has attached. 650 S.W.2d 776 (Tex. 1983). The
court held in Boniface:
Generally, contempt proceedings for violations of judgments and orders
granting injunctive relief are instituted in the court from which the
judgment or order emanated. But, after the jurisdiction of the appellate
court has attached, the proceedings for enforcement must be instituted
in that court rather than in the trial court.
Id. at 777-78 (emphasis in original). Stoker, in rebuttal, argues that Boniface and its
progeny have been abrogated by statute. Stoker’s argument is partially correct.
          Because of changes made in 1985 to the Family Code, the trial court now
retains jurisdiction to enforce temporary orders “for the preservation of the property
and for the protection of the parties” rendered within 30 days after the date an appeal
is perfected unless the appellate court, on a proper showing, supersedes the trial
court’s order. Tex. Fam. Code Ann. § 6.709 (Vernon 1998). These include orders 
for (1) spousal support, (2) payment of attorney’s fees, (3) appointment of a receiver
for the preservation and protection of the property of the parties, and (4) an award to
one spouse of exclusive occupancy of the parties’ residence pending the appeal. Id.
          The Family Code now also expressly divests the trial court of the ability to
issue orders changing or amending the property division in a final judgment of
divorce during appeal. Tex. Fam. Code Ann. § 9.007(a), (b) (Vernon 1998). An
order to enforce the property division in the divorce decree is limited to an order “to
assist in the implementation of or to clarify” the division of property made or
approved in the decree. Id. However, that power is expressly abated during the
pendency of an appellate proceeding. Id. at § 9.007(c). Section 9.007 provides in
relevant part:
(a) A court may not amend, modify, alter, or change the division of property
made or approved in the decree of divorce or annulment. An order to enforce
the division is limited to an order to assist in the implementation of or to clarify
the prior order and may not alter or change the substantive division of property.
          .         .         .         .
(c) The power of the court to render further orders to assist in the
implementation of or to clarify the property division is abated while an
appellate proceeding is pending.

Tex. Fam. Code Ann. §§ 9.007(a),(c) (emphasis added). In English v. English, our
sister court interpreted section 9.007(c) to mean that, after rendering the initial decree
of divorce containing a property division, the trial court is prohibited from
implementing or clarifying the property division by way of further orders. See id., 44
S.W.3d 102, 106 (Tex. App.—Houston [14th Dist.] 2001, no pet.).


 
          At issue in this case are (1) Stoker’s motion that Fischer-Stoker be held in
contempt for failing to obey the terms of the divorce decree requiring her to provide
an accounting of her Wells Fargo bank accounts and a check for half in the funds in
those accounts as of December 23, 2003; (2) the trial court’s order denying Fischer-Stoker’s motion to dismiss Stoker’s motion for contempt; (3) the trial court’s order
that Fischer-Stoker pay Stoker’s interim attorney’s fees incurred during pendency of
the appeal through Stoker’s attempts to enforce the divorce decree by contempt; (4)
Stoker’s motion in this Court seeking to hold Fischer-Stoker in criminal contempt for
failing to abide by the terms of the property division in the final divorce decree and
to pay interim attorney’s fees ordered to be paid by the trial court during the pendency
of the appeal; and (5) Stoker’s motion to dismiss Fischer-Stoker’s appeal for the same
reasons. All of the matters at issue in this Court derive from Stoker’s attempts to
obtain orders to implement the property division in the divorce decree during the
pendency of the appeal, to enforce the terms of the decree by contempt, and to obtain
and enforce a money judgment for attorney’s fees incurred and to be incurred in
enforcing the property division—matters which are abated during the pendency of
this appeal by the express language of subsection 9.007(c) of the Family Code.
          Although Stoker proceeded directly against Fischer-Stoker with a motion for
criminal contempt for failure to abide by the terms of the property division in the final
divorce decree, the trial court lacked jurisdiction to issue any such order during
pendency of the appeal under section 9.007(c). See Tex. Fam. Code Ann. § 9.007(c).
Orders clarifying and implementing the terms of the property division in the divorce
decree are precisely the type of orders a trial court is prohibited from issuing during
pendency of an appeal. See id.; see also English, 444 S.W.3d at 106. 
          The trial court’s order that Fischer-Stoker pay Stoker’s interim attorney’s fees
incurred and to be incurred in pressing his motion for contempt is likewise void. See
Walker v. Towslee, 677 S.W.2d 502, 502 (Tex. 1984) (subsection of § 6.709 did not
authorize granting of “interim” attorney’s fees after divorce decree was rendered
absent order for preservation of property and protection of parties); Ex Parte Choate,
582 S.W.2d 625, 628 (Tex. Civ. App.—Beaumont 1979,orig. proceeding) (order
holding divorced husband in contempt of court for failure to pay ex-wife’s attorney’s
fees was void under rule that there is no authority for trial judge to summarily order
attorney’s fees paid or to attempt to enforce order by contempt).
          We hold that the trial court lacked the power to enforce the terms of the
property division in the divorce decree by contempt during the pendency of this
appeal and that its award of attorney’s fees to Stoker in connection with the
proscribed motion for contempt is void. Accordingly, we conditionally grant the
petition for writ of mandamus and order the trial court to dismiss Stoker’s motion for
contempt and to vacate its April 26, 2004 award of attorney’s fees. We further order
that all proceedings to clarify or assist in the implementation of the terms of the
property division in the divorce decree are abated pending appeal. All pending
motions before this Court are moot. We will issue a writ only if the trial court fails
to comply.
 
                                                                        Evelyn V. KeyesJustice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala. 

Publish. Tex. R. App. P. 47.2(b).