Affirmed and Majority and Concurring
and Dissenting Opinions filed September 23, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-08-00536-CV



H. Frank
Faucette and J. Lawrence Schadler,
Appellants/Cross-Appellees 

v.

Grace C.
Chantos and A.J. Chantos & Associates, Inc. d/b/a Sarco of Texas, Appellees/Cross-Appellants 



On Appeal from
the 151st District Court

Harris County, Texas

Trial Court
Cause No. 2004-25975



 

CONCURRING AND DISSENTING  OPINION

To
the extent this court affirms the trial court’s judgment notwithstanding the
verdict as to the tortious-interference-with-contract claims, I concur in the
judgment.  To the extent this court affirms the trial court’s judgment awarding
recovery on the breach-of-contract claims and declines to render a take-nothing
judgment on these claims, I respectfully dissent.   

Under
the unambiguous language of the agreement in question, to exercise their option
to acquire the remaining shares of the corporation, the option holders had to make
the purchase by means of a lump-sum payment within a specified time from the
execution date of the contract, and if this purchase did not occur within that
time frame, the agreement and the option in it would terminate.  It is
undisputed that the option holders never purchased the remaining shares, and
the plaintiffs judicially admitted that the contract upon which they base their
breach-of-contract claims terminated at the expiration of the time period
specified in the contract.  Because the option holders did not exercise their
option in the manner required by the contract and because the contract
terminated by its own terms, the trial court erred in granting summary
judgment in the plaintiffs’ favor as to liability on the breach-of-contract claims
and in denying the defendants’ motion for summary judgment as to these claims. 
Accordingly, the trial court’s judgment should be reversed, and this court
should render a take-nothing judgment.

Relevant
Background

Plaintiffs/appellees/cross-appellants
Grace C. Chantos and A. J. Chantos & Associates, Inc., d/b/a Sarco of Texas
(hereinafter collectively, the “Chantos Parties”)[1] sued
defendants/appellants/cross-appellees H. Frank Faucette and J. Lawrence
Schadler (hereinafter collectively, the “Option Holders”) for breach of a written
contract entitled “Sale and Purchase Agreement” (hereinafter, the “Contract”). 
Grace Chantos, Grace’s husband Andrew J. Chantos, Faucette, and Faucette’s wife
executed the Contract on May 25, 2001.  Schadler and his wife executed the
Contract on July 24, 2001.  

In
a section of the Contract entitled “Sale and Purchase,” the parties detailed
the contemplated sale of the shares of A. J. Chantos & Associates, Inc.,
d/b/a Sarco of Texas (hereinafter, “Sarco”) by Grace and her husband to the Option
Holders and Andrew J. Chantos (collectively hereinafter, the “Buyers”).  The parties
agreed that during the first thirty months of the Contract or until the Buyers
acquired forty-nine percent of the Sarco shares, whichever occurred first, the
Option Holders were required to purchase at least four Sarco shares per month. 
Under the terms of the Contract, if the Buyers acquired at least forty-nine
percent of the outstanding Sarco shares, then the Buyers had “the option to
purchase the remaining shares, but only in a lump sum wherein Buyers purchase
all remaining shares.”  The parties agreed that “[t]his Agreement shall
terminate unless the Sale and Purchase contemplated is completed in its
entirety within thirty-two (32) months from the date of execution of the
Agreement” (hereinafter, the “Termination Provision”). (emphasis added).  The
parties did not specify a date of execution in the Contract.  But in light of
the two dates on which parties executed the Contract, this thirty-two month
period ended no later than on March 24, 2004 (hereinafter, the “End Date”).

It
is undisputed that, by July 22, 2003, the Buyers had acquired forty-nine
percent of the Sarco shares and that they had the option to purchase the
remaining Sarco shares provided in the Contract (hereinafter, the “Option”).  The
Chantos Parties moved for partial summary judgment as to the Option Holders’
liability on the breach-of-contract claims.  In their sole ground for summary
judgment, the Chantos Parties asserted that the summary-judgment evidence
conclusively proves that (1) the Option Holders exercised the Option by giving oral
notice to Grace at the July 22, 2003 meeting of their acceptance and intent to
exercise the Option; and (2) the Option Holders breached the Contract by
failing and refusing to purchase the remaining Sarco shares from Grace.  The
Chantos Parties agreed that acceptance of an option must be unqualified,
unambiguous, and strictly in accordance with the terms of the agreement; but they
asserted that the Contract did not contain any terms regarding the manner for
exercising the Option.  Therefore, the Chantos Parties argued, the Option
Holders could accept and exercise the Option by giving oral notice to Grace at
the July 22, 2003 meeting of their acceptance and intent to exercise the
Option.  

Both
in response to the Chantos Parties’ motion and as a ground for summary judgment
in their own motion for final summary judgment, the Option Holders asserted
that, under the Contract, the parties specified the manner in which the Option
Holders had to exercise the Option—they had to purchase Grace’s remaining
shares in a lump-sum payment by the End Date. The summary-judgment evidence
conclusively proves that the Option Holders did not purchase Grace’s remaining
shares by the End Date.  Therefore, the Option Holders asserted, (1) the
Contract terminated by its own terms; and (2) the Option Holders had no
obligation to purchase the remaining shares under the Contract and did not
breach any of its terms. The Option Holders attached to their motion for
summary judgment responses to requests for admissions, in which the Chantos
Parties judicially admitted that the Contract terminated within thirty-two
months of the Contract’s execution date and that the Contract was currently
terminated.

The
trial court denied the Option Holders’ summary-judgment motion and granted the
Chantos Parties’ motion, ruling that, as a matter of law, the Option Holders
breached the Contract and are liable to Grace for the breach. 

Principles
of Option Law

When
one acquires an option to purchase property, the holder of the option purchases
the right to compel a sale of the property on the stated terms before expiration
of the option.  See Comeaux v. Suderman, 93 S.W.3d 215, 219–20 (Tex.
App.—Houston [14th Dist.] 2002, no pet.).  Option contracts have two
components: (1) an underlying contract that is not binding until accepted and
(2) a covenant to hold open to the option holder the opportunity to accept.  See
id. at 220.  Before the option can ripen into an enforceable contract of
sale, however, the option holder must manifest his acceptance.  See id. Acceptance
of an option must be unqualified, unambiguous, and strictly in accordance with
the terms of the agreement.   See id.  For this reason, a failure to
exercise an option according to its terms, including untimely or defective
acceptance, is simply ineffectual, and legally amounts to nothing more than a
rejection.   See id.  If the contract is silent regarding the method of
exercising the option, the option holder may exercise the option by timely
giving notice to the optionor of the option holder’s intent to exercise the
option, and the option holder also may be required to tender performance within
a reasonable time.[2] 
See English v. English, 44 S.W.3d 102, 105 (Tex. App.—Houston [14th
Dist.] 2001, no pet.).  

Principles
of Contract Interpretation

In
construing contracts, this court’s primary concern is to ascertain and give
effect to the intentions of the parties as expressed in the contract.  Kelley-Coppedge,
Inc. v. Highlands Ins. Co., 980 S.W.2d 462, 464 (Tex. 1998).  To ascertain the
parties’ true intentions, this court must examine the entire agreement in an
effort to harmonize and give effect to all provisions of the contract so that
none will be rendered meaningless.  MCI Telecomms. Corp. v. Tex. Utils.
Elec. Co., 995 S.W.2d 647, 652 (Tex. 1999).  Whether a contract is ambiguous
is a question of law for the court.  Heritage Res., Inc. v. NationsBank,
939 S.W.2d 118, 121 (Tex. 1996).  A contract is ambiguous when its meaning is
uncertain and doubtful or is reasonably susceptible to more than one
interpretation.  Id.  But, when a written contract is worded so that it
can be given a certain or definite legal meaning or interpretation, it is
unambiguous, and the court construes it as a matter of law.  Am.  Mfrs. Mut.
Ins. Co. v. Schaefer, 124 S.W.3d 154, 157 (Tex. 2003).  This
court cannot rewrite the Contract or add to its language under the guise of
interpretation.  See id. at 162.  Rather, this court must enforce the Contract
as written.  See Royal Indem. Co. v. Marshall, 388 S.W.2d 176, 181 (Tex.
1965).  

Analysis
of the Contract

In
the Contract, the parties agreed that, if the Buyers acquired at least
forty-nine percent of the outstanding Sarco shares, then the Buyers would have
the option to purchase the remaining shares, but only through a lump-sum
payment by which the Buyers would acquire all remaining shares.  The parties
also agreed that the entire Contract would terminate unless the contemplated
purchase of the Sarco shares was completed in its entirety by the End Date. 
The parties did not agree that any provisions of the Contract would survive
termination of the Contract.  If the Option Holders could have exercised the
Option simply by giving notice to Grace of their acceptance and intent to
exercise the Option and without purchasing the remaining shares from Grace, such
an exercise would have imposed a binding obligation on the Option Holders to
purchase the remaining shares by a lump-sum payment.  But this construction of
the Contract would render the Termination Provision meaningless.  See Kruegel
v. Berry, 9 S.W. 863, 863–64 (Tex. 1888) (stating that option holder under
lease had to tender purchase price before lease terminated in order to exercise
option to buy leased premises for a specified price); Nguyen v. Woodley,
273 S.W.3d 891, 898 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding
that contract for purchase of real property terminated by its own terms upon
buyer’s giving of a certain notice and that therefore the contract was no
longer valid and enforceable); Cate v. Woods, 299 S.W.3d 149, 153 (Tex.
App.—Texarkana 2009, no pet.) (holding that trial court erred as a matter of
law by enforcing contract for purchase of real property that had terminated by
its own terms).[3] 


If
the Termination Provision is given effect, then the Option Holders could not be
bound to purchase the remaining shares because they could wait until the End
Date passed and any obligation to purchase the remaining shares would terminate. 
Harmonizing and giving effect to all provisions of the contract so that none
will be rendered meaningless, this court should conclude that, under the
unambiguous language of the Contract, the parties specified the manner in which
the Option Holders had to exercise the Option—they had to purchase the remaining
shares by the End Date.  See MCI Telecomms. Corp., 995 S.W.2d at 652.  The
summary-judgment evidence proves as a matter of law that the Option Holders did
not do so, and therefore, they did not exercise the Option.  After the End Date
passed, the Contract terminated without any exercise of the Option.  Indeed,
the Chantos Parties have judicially admitted that the Contract upon which the
trial court’s judgment is based terminated on or before the End Date, which was
before the Chantos Parties filed this lawsuit in the trial court.  

In
their Contract, the parties required the Option Holders to purchase Sarco stock
up to the forty-nine-percent threshold.  The parties could have required the
Option Holders to purchase the remaining stock; however, the parties chose not
to do so.  Instead, they agreed to contractual language under which the Option
Holders had the ability to choose whether they wanted to exercise the Option by
purchasing the remaining shares from Grace no later than the End Date.  This
court cannot rewrite the Contract or add to its language under the guise of
interpretation; instead, the court must enforce the Contract as written.  See
Schaefer, 124 S.W.3d at 157; Marshall, 388 S.W.2d at 181. 

 

 

 

Conclusion

The
sole ground asserted in the Chantos Parties’ motion for summary judgment lacks
merit.[4] 
In their cross-motion, the Option Holders proved as a matter of law that they
did not exercise the Option and that the Contract terminated by its own terms.[5]  Though the majority notes the
Option Holders’ arguments in this regard, the majority does not address these
arguments or explain why they lack merit.  The court should address these
arguments, sustain the Option Holders’ first issue, and hold that the trial
court erred by failing to grant the Option Holders’ motion.[6] 
Accordingly, this court should reverse the trial court’s judgment and render
judgment that the Chantos Parties take nothing. 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

Panel
consists of Justices Frost, Brown, and Senior Justice Hudson.* (Brown, J.,
majority)

 

*Senior Justice J. Harvey Hudson,
sitting by assignment.                                                         

 









[1] Though
Sarco was a plaintiff in the trial court, it was not a party to the Contract,
and the trial court rendered judgment only in favor of Grace.  References in
this opinion to the “parties” pertain to the contracting parties, not to the
parties to the litigation, and do not include Sarco. 





[2] Various cases state that, if the contract
is silent regarding the method of exercising the option, the option holder may
exercise the option by timely giving notice to the optionor of the option
holder’s intent to exercise the option and by subsequently tendering
performance within a reasonable time. See, e.g.,  English v. English, 44
S.W.3d 102, 105 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (stating that “we
conclude and hold that where the option instrument is silent regarding the
method of exercising the option, giving timely notice to the optionor and
subsequently tendering performance within a reasonable time is sufficient to
exercise the option”).  But, given that the overwhelming majority of option
cases involve option holders seeking to enforce the option, it may be that the
tender of performance is required in these cases because the option holder
seeks to enforce the option rather than as part of the exercise of the option. 
See id. (stating that “if [option holder] gave notice of her intent to
exercise the option within the applicable 180 day period, such notice would be
sufficient to trigger her rights under the divorce decree”).  This court need
not address this issue to dispose of this appeal, and it is not addressed in
this opinion.

 





[3] The Chantos
Parties rely upon the English case. See English, 44 S.W.3d
at 103–5.  But, in that case, the divorce decree in question contained language
materially different from the language in the Contract.  See id.  The
divorce decree did not contain language similar to the Termination Provision,
and the decree was silent as to the manner in which the option should be
exercised.  See id.  Therefore, the English case is not on point.





[4] On appeal,
the Chantos Parties assert, in the alternative, that this court should affirm
the trial court’s judgment on the breach-of-contract claims based on an alleged
modification of the Contract by the parties at the July 22, 2003 meeting. 
Significantly, however, the Chantos Parties did not assert any alleged
modification of the Contract as a ground in their summary-judgment motion. 
Therefore, this court cannot affirm the trial court’s summary judgment on this
unasserted ground.  See Stiles v. Resolution Trust Corp., 867 S.W.2d 24,
26 (Tex. 1993)





[5] Presuming
for the sake of argument that the Option Holders could have exercised the
Option by notice alone and that they did so, the Chantos Parties still could
not prevail on a breach-of-contract claim because the Contract terminated on the
End Date and the parties did not agree that any contractual obligations would
survive termination.  See Nguyen, 273 S.W.3d at 898; Cate, 299
S.W.3d at 153.





[6] This court
appropriately holds the trial court did not err in granting the Option Holders’
motion for judgment notwithstanding the verdict as to the
tortious-interference-with-contract claims.