Petition
for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed October
1, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00564-CV



 

In Re Wilma Reynolds,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM  
OPINION

On June 25, 2010, relator, Wilma Reynolds, filed a
petition for writ of mandamus in this Court.  See Tex. Gov’t Code Ann.
§22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the petition, Wilma
asks this Court to compel the Honorable Randall Hufstetler, presiding judge of
the 300th District Court of Brazoria County, to set aside his June 18, 2010
order granting the motion to dismiss and his June 18, 2010 order granting the
motion for sanctions.  We conditionally grant the petition.  

Background

            The
trial court entered a final decree of divorce between Wilma and David Reynolds
on May 18, 2009, awarding Wilma “50% of the year 2008 Estimated Income from
Quantlab Incentive Partners I, LLC after taxes are paid on the income.”  Wilma
appealed the portion of the decree dividing the marital estate to this court on
August 12, 2009.  

            On
March 29, 2010, Wilma filed a petition for enforcement of property division by
contempt, naming David and his employer, Quantlab Incentive Partners I, LLC
(“QIP”), as respondents.  In her original petition, Wilma alleged that David
had violated the divorce decree by failing to provide her with documentation
verifying the amount of his 2008 earned income from QIP and by failing to
relinquish control of the property to relator or otherwise satisfy the
judgment.  Wilma also alleged that QIP had violated the divorce decree by
failing to relinquish control of the property to Wilma or otherwise satisfy the
judgment.  Wilma sought an order directing David and QIP to produce all
documents necessary to verify David’s 2008 earned income from QIP; a judgment
against David and QIP in the amount of 50 percent of David’s 2008 earned income
from QIP; and an order directing David and QIP to pay the specified amount to Wilma
by a date and time certain, or in that alternative, a writ to freeze David’s
and QIP’s bank accounts and garnish the total amount owed to Wilma.  Wilma
further requested that David and QIP be held in contempt.  

            On
April 12, 2010, David filed a motion to abate the proceedings pursuant to
Section 9.007(c) of the Texas Family Code because the appeal of the judgment
sought to be enforced was pending in this court.  See Tex. Fam. Code
Ann. § 9.007(c) (Vernon 2006).  QIP also moved on May 3, 2010, to abate the
proceedings pursuant to section 9.007(c) while the appeal was pending.  QIP
further filed a motion to dismiss Wilma’s petition with prejudice because she could
not state a viable cause of action against QIP, i.e., the divorce decree cannot
be enforced against QIP because QIP is not a party to the decree.  QIP further
moved for sanctions, seeking attorney’s fees and expenses incurred in
responding to Wilma’s original petition for enforcement.  

            The
trial court held a hearing on the motions to abate, the motion to dismiss, and
the motion for sanctions on May 24, 2010.  On the morning of the hearing, Wilma
filed a first amended petition for enforcement of property division by
contempt.  In her amended petition, Wilma states that she has not received her
portion of the awarded 2008 QIP earned income, and that David and/or QIP
continue to exercise unauthorized possession and control over her awarded 2008
QIP earned income, which is being held in a segregated account, or in the
alternative, have unlawfully transferred from the segregated account Wilma’s
portion of David’s earned 2008 QIP income.  Wilma alleges causes of action
against David and QIP for theft of property, conversion, money had and
received, breach of contract, tortious interference with existing contract,
civil conspiracy, and assisting and encouraging.  Wilma only requests that
David be held in contempt.  

            At
the hearing, the trial court orally granted David’s and QIP’s motions to
abate.  The trial court further stated that it would permit the parties to
submit briefs on the motion to dismiss and motion for sanctions and would hold
off ruling on those motions.  The trial court also told QIP that it could
submit an affidavit on its request for attorney’s fees.  The trial court signed
the order granting David’s motion to abate on June 2, 2010, ordering that “the
petition for enforcement is abated during the pendency of the appeal of the
divorce.”  QIP and Wilma filed their respective briefs on QIP’s motions to
dismiss and for sanctions.  

            On
June 18, 2010, the trial court signed the order granting QIP’s motion to
dismiss and dismissing Wilma’s claims against QIP with prejudice, and the order
granting QIP’s motion for sanctions, awarding QIP $7,779.97 in attorney’s fees
and costs incurred in preparing and responding to the petition for enforcement
of property division by contempt.  

Standard of Review

            To
be entitled to the extraordinary relief of a writ of mandamus, the relator must
show that the trial court abused its discretion and there is no adequate remedy
by appeal.  In re Laibe Corp., 307 S.W.3d 314, 316 (Tex. 2010) (orig.
proceeding) (per curiam).  A trial court abuses its discretion if it reaches a
decision so arbitrary and unreasonable as to constitute a clear and prejudicial
error of law, or if it clearly fails to correctly analyze or apply the law.  In
re Columbia Med. Ctr. of Las Colinas, 306 S.W.3d 246, 248 (Tex. 2010)
(orig. proceeding) (per curiam); In re Cerberus Capital Mgmt., L.P., 164
S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).  When an order is
void, the relator need not show that he does not have an adequate appellate
remedy, and mandamus relief is appropriate.  In re Sw. Bell Tel. Co., 35
S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam).  

Analysis

            Wilma
contends that the trial court did not have authority to take action and grant
QIP’s motion to dismiss and motion for sanctions while the suit was abated.  An
abatement is a present suspension of all proceedings in a suit.  In re
Kimball Hill Homes Tex., Inc., 969 S.W.2d 522, 527 (Tex. App.—Houston [14th
Dist.] 1998, orig. proceeding); Permanente Med. Ass’n of Tex. v. Johnson,
917 S.W.2d 515, 517 (Tex. App.—Waco 1996, orig. proceeding).  Abatement of an
action precludes the trial court and the parties from proceeding in any manner
until the case has been reinstated.  Campbell v. Kosarek, 44 S.W.3d 647,
650 (Tex. App.—Dallas 2001, pet. denied); In re Kimball Hill Homes Tex.,
Inc., 969 S.W.2d at 527; Lumberman’s Mut. Cas. Co. v. Garza, 777
S.W.2d 198, 199 (Tex. App.—Corpus Christi 1989, orig. proceeding).  An action
taken by the court or the parties during the abatement is a legal nullity.  Amrhein
v. La Madeleine, Inc., 206 S.W.3d 173, 174–75 (Tex. App.—Dallas 2006, no
pet.); In re Kimball Hill Homes, Inc., 969 S.W.2d at 527.  

            The
abatement provision of Section 9.007(c) of the Texas Family Code provides:

The power of the court to render further orders to assist
in the implementation of or to clarify the property division is abated while an
appellate proceeding is pending.

Tex.
Family Code Ann. § 9.007.  

            QIP
argues that the trial court did not abate the proceedings before granting the
motion to dismiss and motion for sanctions.  QIP further contends that section
9.007(c) does not limit the trial court from making other findings of law,
unrelated to an order of property division.  QIP argues, even if we determine
that the trial court granted its motion to abate before finding that Wilma’s
lawsuit against QIP was barred, all that can be abated pursuant to section
9.007(c) are further orders from the trial court related to the property
division.  Therefore, according to QIP, the trial court dismissed separate and
severable claims against a party not enjoined by the original property
division.  

            After
an initial decree containing a property division, the trial court is
legislatively restrained from rendering further orders to assist in the
property division pending appeal.  English v. English, 44 S.W.3d 102,
106 (Tex. App.—Houston [14th Dist.] 2001, no pet.).  The power of the court do
so is abated.  Id.  The plain language is directed at the power of the
court, not the obligations and responsibilities of the parties.  Id. 
Under the statute, the trial court is prohibited from implementing and
clarifying the property division by way of further order.  Id.  However,
the ministerial act of execution of the judgment is not proscribed.  Id. 


            In
In re Fischer-Stoker, the trial court ordered both parties to deliver an
accounting of their bank accounts, along with a check payable to the other
party for 50% of the sums in those accounts.  174 S.W.3d 268, 269 (Tex.
App.—Houston [1st Dist.] 2005, orig. proceeding [mand. denied]) (op. on
reh’g).  The wife failed to abide by the terms of the decree.  Id. 
After a timely notice of appeal was filed, the husband filed a motion for
contempt against the wife in the trial court seeking to have her jailed until
she provided him an accounting of certain accounts and a check for 50% of
amounts in those accounts.  Id.  The Fischer-Stokes case did not
concern execution of a judgment, which is “‘merely a direction to a ministerial
officer to permit enforcement of the judgment.’”  Id. at 272 (quoting English,
44 S.W.3d at 106).  Instead, the husband proceeded against the wife in the
trial court with a motion to enforce the terms of the property division in the
final divorce decree by criminal contempt if she failed to provide the
accounting and the check.  Id.  “We construe the relief that Stoker
seeks as an order to assist in the implementation of the property division in
the final divorce decree. . . . The order that Stoker seeks is precisely the
type of order that a trial court is prohibited from issuing during the pendency
of an appeal.”  Id.  

            As
in Fischer-Stokes, Wilma seeks enforcement of the decree by contempt. 
The abatement of the petition for enforcement under section 9.007(c) was
mandatory and in effect when Wilma filed her appeal without the trial court
entering an order abating the case.  Therefore, even if it were possible to
conclude that the trial court ruled on QIP’s motions to dismiss and for
sanctions before it actually granted the motions to abate as posited by QIP,
the result here would not change.  The dismissal and sanctions orders were
issued in violation of the mandatory section 9.007(c) abatement and, therefore,
are void.  We conclude that the trial court abused its discretion by granting
QIP’s motions to dismiss and for sanctions in violation of the section 9.007(c)
abatement.  

 

Conclusion

The June 18, 2010 dismissal and sanctions orders are
void and, therefore, are an abuse of discretion.  Because the orders are void,
Wilma need not show that she does not have an adequate remedy by appeal.  See
In re Sw. Bell Tel. Co., 35 S.W.3d at 605.  Accordingly, we conditionally
grant the petition for writ of mandamus and direct the trial court to set aside
its June 18, 2010 order granting the motion to dismiss and the June 18, 2010
order granting the motion for sanctions.  The writ will issue only if the trial
court fails to act in accordance with this opinion.  We lift the stay entered
on July 1, 2010.

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Justices Brown,
Sullivan, and Christopher.